1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                         **CENTRAL DISTRICT OF CALIFORNIA**

10                              **WESTERN DIVISION**

11

12   MARGARET HERNANDEZ,              )      No. EDCV 03-1224 (CW)
                                      )
13               Plaintiff,           )      DECISION AND ORDER
            v.                        )
14                                    )
     JO ANNE B. BARNHART,             )
15   Commissioner, Social Security    )
     Administration,                  )
16                                    )
                 Defendant.           )
17   _____)

18

19       The parties have consented, under 28 U.S.C. § 636(c), to the

20   jurisdiction of the undersigned magistrate judge.  Plaintiff seeks

21   review of the denial of disability benefits.  The court finds that

22   judgment should be granted in favor of defendant, affirming the

23   Commissioner's decision.

24                          **I.   BACKGROUND**

25       Plaintiff Margaret Hernandez was born on October 22, 1958, and

26   was forty-four years old at the time of her administrative hearing.

27   [AR 24, 26.]  She has a tenth grade education and no past relevant

28   work experience. [AR 27.]  Plaintiff claims disability on the basis of

                                    1

1  bipolar disorder, depression and mood swings.[1] [AR 13, 70.]

2  ## II.  PROCEEDINGS IN THIS COURT

3      Plaintiff's complaint was lodged on October 22, 2003, and filed

4  on October 28, 2003.  On March 3, 2004, defendant filed plaintiff's

5  Administrative Record ("AR").  On June 25, 2004, the parties filed

6  their Joint Stipulation ("JS") identifying matters not in dispute,

7  issues in dispute, the positions of the parties, and the relief sought

8  by each party.  This matter has been taken under submission without

9  oral argument.

10  ## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

11      Plaintiff applied for supplemental security income on May 11,

12  2001, alleging disability since December 31, 1988.  [JS 2, AR 79.]  An

13  administrative hearing was held on May 14, 2003, before Administrative

14  Law Judge ("ALJ") M.B. Kennett.  [Transcript, AR 24.]  Plaintiff

15  appeared with counsel, and testimony was taken from plaintiff and

16  Sharon Snaer-Hill, plaintiff's case worker.  [Id.] The  ALJ denied

17  benefits on August 26, 2003.  [Decision, AR 21.]  When the Appeals

18  Council denied review on October 3, 2003, the ALJ's decision became

19  the Commissioner's final decision.  [AR 4.]

20  ## IV.  STANDARD OF REVIEW

21      Under 42 U.S.C. § 405(g), a district court may review the

22  Commissioner's decision to deny benefits.  The Commissioner's (or

23  ALJ's) findings and decision should be upheld if they are free of

24  legal error and supported by substantial evidence.  However, if the

25  court determines that a finding is based on legal error or is not

26

27      [1]  Plaintiff also reported a broken ankle but testified that she
has no remaining physical problems and does not challenge the ALJ's
28  finding that her ankle problem is not disabling. [AR 29.]

1  supported by substantial evidence in the record, the court may reject
2  the finding and set aside the decision to deny benefits.  See Aukland
3  v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
4  Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
5  F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
6  1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
7  1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
8  v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

9       "Substantial evidence is more than a scintilla, but less than a
10  preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence
11  which a reasonable person might accept as adequate to support a
12  conclusion."  Id.  To determine whether substantial evidence supports
13  a finding, a court must review the administrative record as a whole,
14  "weighing both the evidence that supports and the evidence that
15  detracts from the Commissioner's conclusion."  Id.  "If the evidence
16  can reasonably support either affirming or reversing," the reviewing
17  court "may not substitute its judgment" for that of the Commissioner.
18  Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

19                          **V.  DISCUSSION**

20      **A.   THE FIVE-STEP EVALUATION**

21      To be eligible for disability benefits a claimant must
22  demonstrate a medically determinable impairment which prevents the
23  claimant from engaging in substantial gainful activity and which is
24  expected to result in death or to last for a continuous period of at
25  least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at
26  721; 42 U.S.C. § 423(d)(1)(A).

27      Disability claims are evaluated using a five-step test:
28          Step one: Is the claimant engaging in substantial

                                    3

gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
        Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
        Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
        Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
        Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

        Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[2], age,

_____

[2]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

1    education, and work experience, a claimant can perform other work

2    which is available in significant numbers.  Tackett, 180 F.3d at 1098,

3    1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

4         **B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

5         In plaintiff's case, the ALJ found that plaintiff had not ever

6    engaged in substantial gainful activity (step one) and that plaintiff

7    had "severe" impairments, namely her ankle fracture, bipolar disorder

8    and history of alcohol and polydrug dependence (step two). [AR 13.]

9    The ALJ determined that plaintiff's impairments met the requirements

10   of Listing 12.09 (Substance Addiction Disorders)[3] with reference to

11   Listing 12.04B (the "B" critieria)[4](step three). [AR 14.]  However,

12   the ALJ found that plaintiff's substance addiction was a "contributing

13   factor material to" any finding of disability. [Id.]  The ALJ

14   determined that plaintiff could not perform her past relevant work

15   because she had none (step four) but that she nonetheless had the RFC

16   to perform sedentary, unskilled work (step five). [AR 18, 19.]

17   Because the ALJ found that plaintiff would not be disabled in the

18

19   ─────────────────

20   n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
     nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler,
     765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

21

22        [3]  Listing 12.09, Substance Addiction Disorders: Behavioral
     changes or physical changes associated with the regular use of
23   substances that affect the central nervous system.  20 C.F.R., Pt.
     404, Subpt. P, App. 1, §12.09.

24        [4]  Listing 12.04B, Affective Disorders, resulting in at least two
     of the following:
25        1.  Marked restriction of activities of daily living; or
          2.  Marked difficulties in maintaining social functioning; or
26        3.  Marked difficulties in maintaining concentration, persistence
              or pace; or
27        4.  Repeated episodes of decompensation, each of extended
              duration.
28   20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.04B

                                   5

1  absence of her substance abuse, plaintiff was found "not disabled" as

2  defined by the Social Security Act. [AR 21.]

3       **C.  PLAINTIFF'S PRESENT CLAIMS**

4       Plaintiff challenges the ALJ's decision by claiming that the ALJ

5  failed to consider properly the findings of a state agency physician

6  who opined that plaintiff had multiple "moderate" limitations and that

7  plaintiff's drug and alcohol abuse were "not material" to plaintiff's

8  disability. [JS 3, 6.]  Plaintiff also claims that the ALJ should have

9  obtained the testimony of a vocational expert regarding plaintiff's

10 non-exertional limitation. [JS 7.]  As discussed below, neither claim

11 merits reversal of the Commissioner's decision.

12      **D.  THE EFFECT OF PLAINTIFF'S SUBSTANCE ABUSE**

13      A disability claimant is not eligible to receive benefits if drug

14 or alcohol addiction is a "contributing factor material to the

15 determination of disability."  20 C.F.R. §§ 404.1535(a), 416.935(a).

16 The key factor in determining whether alcoholism or drug addiction is

17 a "contributing factor material to the determination of disability" is

18 whether an individual would still be found disabled if he or she

19 stopped using alcohol or drugs.  <u>Sousa v. Callahan</u>, 143 F.3d 1240,

20 1245 (9th Cir. 1998); 20 C.F.R. §404.1535(b)(1), 416.935(b)(1).  In

21 the Ninth Circuit, such a determination must be made only after the

22 ALJ has found the plaintiff "disabled" under the sequential

23 evaluation.  <u>Bustamante v. Massanari</u>, 262 F.3d 949, 955 (9th Cir.

24 2001)(citing <u>Drapeau v. Massanari</u>, 255 F.3d 1211, 1213 (10th Cir.

25 2001)).

26      Here, plaintiff has an extensive history of drug and alcohol

27 abuse.  She has used heroin, cocaine and methamphetamine, and has been

28 arrested approximately twenty times and incarcerated twice for drug

1   abuse. [AR 170.]  Plaintiff participated in drug treatment at the
2   Inland Valley Drug and Alcohol Recovery center from May to December
3   2001 but relapsed within six weeks of her discharge. [AR 211.]  She
4   resumed treatment at Inland Valley from February 2002 to March 2003.
5   [Id.]  At the time of her administrative hearing in May 2003,
6   plaintiff was living in a group recovery facility and claimed to have
7   not used drugs or alcohol for fifteen months. [AR 32, 33.]  Despite
8   her sobriety, plaintiff complained that her mind races, she cannot be
9   around people, she has mood swings, and she becomes easily depressed.
10  [AR 13.]

11      The ALJ found, based on the weight of the medical evidence, that
12  plaintiff's long history of substance abuse caused her to have
13  "marked" difficulties in daily living, maintaining social functioning,
14  and maintaining concentration, persistence or pace. [AR 14.]  The ALJ
15  concluded that such functional limitations would meet the requirements
16  of Listing 12.09, with reference to Listing 12.04B. [Id.]  Thus,
17  plaintiff would be considered disabled under the "listings."

18      However, the ALJ subsequently determined that "but for the
19  effects of her substance abuse," plaintiff's mental impairment would
20  not meet or equal the requirements of the listings. [Id.]  In
21  determining that plaintiff's substance abuse was a "contributing
22  factor material to any finding of disability," the ALJ adopted the
23  opinions of two examining psychiatrists, Dr. Ernest Bagner and Dr.
24  Reynaldo Abejuela. [AR 14, 15.]  Dr. Bagner diagnosed plaintiff with
25  "mood disorder, not otherwise specified" but ruled out poly-substance
26  abuse (because it was in remission) and assessed plaintiff with a
27
28

7

1  Global Assessment of Functioning ("GAF") score of 66.[5] [AR 171, 172.]

2  Dr. Bagner determined that plaintiff would have "mild" limitations

3  interacting with supervisors, peers and the public, handling normal

4  stresses at work, maintaining concentration and attention, and

5  completing simple tasks. [AR 172.]  Dr. Abejuela diagnosed plaintiff

6  with mild depression, anxiety and mood swings. [AR 200.] Dr. Abejuela

7  determined that there were "no severe limitations due to emotional

8  impairment" and that plaintiff's occupational and social functioning

9  would not be severely impaired with continuous abstinence from drugs

10  and alcohol. [Id.]

11      In concluding that plaintiff would only have "mild" functional

12  limitations in the absence of drug and alcohol abuse, the ALJ also

13  noted that the opinions of two state agency review psychologists, Dr.

14  Lydia Mallare and Dr. Viliam Jonec, were compatible with this

15  conclusion. [AR 16, 17.]  Plaintiff takes issue with the ALJ's

16  treatment of Dr. Mallare's opinion, arguing that the ALJ ignored the

17  fact that Dr. Mallare assessed four "moderate" functional limitations[6]

18  without regard to plaintiff's drug and alcohol history. [JS 3, 4.]

19  Plaintiff also points out that Dr. Mallare noted that "dAA – not

20  material," suggesting that drug and alcohol abuse were not pertinent

21

22      [5]  A GAF score measures the patient's ability to function on a
   scale of 1 to 100. Scores of 80 to 100 signify excellent functioning.
23  Scores of 40 or less signify severe dysfunction, usually in
   hospitalized patients.  Attorneys Medical Deskbook (Third), Pt. 4, Ch.
24  11, §11:6 (2004).

25      [6]  The four moderate limitations were in plaintiff's ability to
   understand and remember detailed instructions; the ability to carry
26  out detailed instructions; the ability to maintain attention and
   concentration for extended periods; and the ability to complete a
27  normal workday and workweek without interruptions from psychologically
   based symptoms and to perform at a consistent pace without an
28  unreasonable number and length of rest periods. [AR 188-89.]

to plaintiff's current mental impairments. [AR 185.]

    The ALJ's decision, however, does not indicate that Dr. Mallare's opinion was ignored.  The ALJ specifically mentions the "state agency review psychologists" (which would include Dr. Mallare) on four different occasions. [AR 16, 17.]  In addition, the effect of Dr. Mallare's opinion is not as significant as plaintiff argues.  Although Dr. Mallare assessed four moderate limitations, she ultimately concluded that plaintiff had "adequate memory, understanding and concentration to perform simple, repetitive tasks." [AR 190.]  The ALJ reached the same conclusion, finding that plaintiff was "capable of performing simple, repetitive tasks, consistent with 'unskilled work.'" [AR 18.]  Thus, it is not apparent how the ALJ's disability determination would have differed even if more attention was paid to Dr. Mallare's opinion.  Because Dr. Mallare's opinion reached the same conclusion as the ALJ's decision, the ALJ's failure to discuss certain aspects of Dr. Mallare's assessment was not material.  <u>Vincent v. Heckler</u>, 739 F. 2d 1393, 1394 (9th Cir. 1984)(ALJ need not discuss all evidence in the record); <u>Howard v. Barnhart</u>, 341 F.3d 1006, 1012 (9th Cir. 2003)(ALJ is not required to discuss evidence that is neither significant nor probative).

    **E.  VOCATIONAL EXPERT TESTIMONY WAS NOT NECESSARY**

    Plaintiff also claims that the ALJ should have obtained the testimony of a vocational expert ("VE") to consider the four "moderate" functional limitations found by Dr. Mallare. [JS 7.]  However, given that the ALJ adequately accounted for Dr. Mallare's

1    opinion, as discussed above, this claim lacks merit.[7]

2                            **V.   ORDERS**

3         Accordingly, **IT IS ORDERED** that:

4         1.    The decision of the Commissioner is **AFFIRMED**.

5         2.    This action is **DISMISSED WITH PREJUDICE**.

6         3.    The Clerk of the Court shall serve this Decision and Order

7    and the Judgment herein on all parties or counsel.

8

9    DATED: November 28, 2005

10                                _/s/_____
                                       CARLA M. WOEHRLE
11                                 United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23   _____

24        [7]   Furthermore, although a VE was not called to testify regarding
     the availability of work in light of plaintiff's mild non-exertional
25   limitations, the ALJ properly made the step five determination in this
     case based on other substantial vocational evidence in the record
26   which indicated specific unskilled jobs which plaintiff could perform.
     [AR 19, 117-20.] <u>See</u> <u>Gomez v. Chater</u>, 74 F.3d 967, 971 (9th Cir.
27   1996)("At the most, the Commissioner need use a vocational expert only
     if there is an absence of other reliable evidence of the claimant's
     ability to perform specific jobs.")(citing <u>Perminter</u>, 765 F.2d at
28   872).

                                    10